UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY RECTOR,

    Plaintiff,                                    CASE NO.  05-CV-10324-BC

v.                                                  DISTRICT JUDGE DAVID M. LAWSON
                                                      MAGISTRATE JUDGE CHARLES BINDER

UNITED STATES OF AMERICA,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS THE UNITED STATES**
(Dkt. 3)
**AND PLAINTIFF'S MOTION TO STRIKE NOTICE OF REMOVAL,
NOTICE OF SUBSTITUTION, TO DENY HEARING ON MOTION TO DISMISS
UNTIL DISCOVERY ON THE ISSUE OF SCOPE OF EMPLOYMENT
IS COMPLETED, FOR EVIDENTIARY HEARING
AND FOR COSTS AND SANCTIONS**
(Dkt. 6)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that

1.    Defendant's Motion to Dismiss the United States be **DENIED WITHOUT PREJUDICE** as premature;

2.    Plaintiff's Motion to Strike Notice of Removal be **GRANTED IN PART AND DENIED IN PART** as follows:

    a.    Plaintiff's request to strike notice of removal be **denied**;

    b.    Plaintiff's request for discovery on the issue of scope of employment and for evidentiary hearing be **granted**; and

    c.    In all other respects, the motion be **denied without prejudice** as premature.

## II.   REPORT

### A.   Introduction and Facts

Pending, pursuant to orders of reference from United States District Judge David Lawson (Dkts. 4 & 9), are the above-entitled motions. Plaintiff has filed a response opposing the motion to dismiss (Dkt. 15), Defendant has filed a response opposing the motion to strike notice of removal (Dkt. 16), and Plaintiff has filed a reply (Dkt. 17). Oral argument was held on March 14, 2006, and the motions are now ready for Report and Recommendation.

This case was originally filed in the Bay County Michigan Circuit Court in November of 2005 and removed by Defendants in December of that year. (Dkt. 1.) In his complaint, Plaintiff alleges that between May and December 2004, he was employed by the Military Personnel Service Corporation ("MPSC") and the National Guard Bureau. (*Id*. ¶¶ 6 & 7.) Plaintiff alleges that he was hired as a military funeral coordinator "whose job it was to provide competent and professional military funeral services for all deceased army veterans whose families requested such services." (*Id*. ¶ 9.) Plaintiff alleges that he worked in coordination with Col. Roger L. Soldano, the Program Director. (*Id*. ¶ 11(G).) Plaintiff alleges that as part of his duties he selected and trained Defendants Brewer and Kramer to perform military funeral honors ceremonies under this program, and that eventually Plaintiff came to the conclusion that these Defendants were not acting in an appropriate and competent professional manner. (*Id*. ¶¶ 13 & 14.) Plaintiff alleges that "at some point in time, Defendants Kramer and Brewer quit the MFHP (Michigan National Guard Funeral Honors Program)." (*Id*. ¶ 16.) Subsequently, Kramer requested reinstatement which Plaintiff agreed to "on the condition that she had to follow the guidelines established for the MFHP." (*Id*. ¶¶ 17 & 18.) According to Plaintiff, during this time "[u]nbeknownst to Plaintiff, Defendants Kramer, Brewer and Fries authored and presented to Colonel Soldano written

2

documents containing false, malicious, misleading and derogatory statements of and concerning Plaintiff." (*Id*. ¶ 19.) Plaintiff alleges that his superiors would not allow him the opportunity to explain his versions of the events involving the Defendants and that his superiors "refused to conduct a formal investigation." (*Id*. ¶¶ 20-22.) Plaintiff alleges that he was discharged from his MFHP coordinator position in December 2004. (*Id*. ¶ 24.) The instant complaint contains counts of defamation, exemplary damages, and invasion of privacy.

Two days after filing the notice of removal, an Assistant United States Attorney filed a notice that pursuant to the Federal Employee's Liability Reform and Tort Compensation Act of 1988, the United States was being substituted for the individual defendants. (Dkt. 2.) Attached to the notice are certifications signed by the Chief of the Civil Division of the United States Attorney's Office for this district, stating that "on the basis of the information now available," the acts of each individual defendant forming the basis of Plaintiff's complaint occurred while that defendant was in the scope of his employment "as an employee of the United States at the time of such incidents." (*Id*., Ex. A.) Approximately one week after the removal, Defendants filed the pending motion to dismiss. Less than two weeks later, Plaintiff filed the pending motion to strike notice of removal.

This is, however, not the first lawsuit to have arisen out of Plaintiff's alleged termination. In mid-July 2005, Plaintiff filed a substantially identical complaint in the Southern Division of this Court. The case was assigned to United States District Judge Nancy Edmunds and issued Case No. 05-CV-72746-DT. Three weeks after that case was filed, Judge Edmunds issued an order to show cause requiring counsel for Plaintiff to explain why the case should not be dismissed for lack of federal jurisdiction. (Case No. 05-72746, Dkt. 2.) Counsel for Plaintiff timely filed a response. (*Id*., Dkt. 5.) After reviewing the response, Judge Edmunds dismissed the case without prejudice,

3

stating that "Plaintiff's response fails to satisfy the jurisdictional requirements of this Court." (*Id.*, Dkt. 6.) The instant case was filed in Bay County Circuit Court approximately three months later.

### B.    Arguments of the Parties

In the pending motion to dismiss, Defendant argues that Plaintiff has failed to establish any federal jurisdictional basis for his complaint, as the claims made in Plaintiff's complaint, particularly those of libel and slander, are exempted from the Federal Tort Claims Act ("FTCA"). Defendant also argues that Plaintiff has failed to exhaust the required administrative remedies as required by the FTCA and that Plaintiff's claims are barred by the doctrine announced by the United States Supreme Court in *Feres v. United States*, 340 U.S. 135, 146, 71 S. Ct. 153, 95 L. Ed. 152 (1950).

In response, Plaintiff concedes that he has never attempted to exhaust any administrative remedies, but maintains that he is under no obligation to comply with any of the requirements of the FTCA, as this statute has no application to the state court claims filed by Plaintiff. Plaintiff argues that "there is no jurisdiction in this Court because there is no removable cause of action to this Court[]" (Pl.'s Resp., Dkt. 15 at 1) and maintains that it is Defendant's obligation to establish jurisdiction in this Court, as it was the Defendant that removed this cause of action from the court in which it was originally filed.

Plaintiff amplifies upon these arguments in its motion to strike notice of removal. In that motion, Plaintiff argues that 28 U.S.C. § 1446(d) does not establish a legal or factual basis for the removal of this case. Plaintiff asserts that Defendant has the burden under the circumstances of showing that this Court has jurisdiction under 28 U.S.C. § 1442(a)(1), and, in particular, proof that the individual defendants were acting under color of an official office of the United States. Plaintiff maintains that the issue of the individual's capacity at the time of their actions giving rise

4

to this suit is reviewable under Supreme Court precedent, and that were the Court so to do, it would conclude that under 32 U.S.C. § 115(a), the individuals were in an inactive duty status at the time of the incidents giving rise to the lawsuit, and that therefore the certification filed by the United States is in violation of Rule 11. As a result, Plaintiff seeks the remand of this case back to state court.

In its response, the United States reiterates its arguments that the FTCA is the only vehicle under which Plaintiff can file suit; that the individual defendants were performing a federal function and were acting in the scope of their employment as government employees at the time they undertook the actions giving rise to Plaintiff's suit, and that statements made by Plaintiff in response to Judge Edmunds order to show cause estops Plaintiff from asserting in this action that the individuals were not acting in the scope of their governmental employment.

**C.     Law and Analysis**

In the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, Congress amended the Federal Tort Claims Act ("FTCA") to clarify that:

> [t]he remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee . . . . [and][a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded.

28 U.S.C. § 2679(b)(1).

When such an action is commenced against an individual federal employee (instead of against the United States or one of its agencies) in any court, either the acting United States

attorney or the pertinent federal district court, may "certif[y] that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(b)(1)-(3). If the action was brought initially in a state court, such certification requires removal of the action to the local federal district court. 28 U.S.C. § 2679(b)(2)-(3). Certification may also have the ultimate effect of converting the plaintiff's claim into one "against the United States under the provisions of the [FTCA]." *Id*. (which provides that, upon certification, "the United States shall be substituted as the party defendant"). When it does have that effect, the action proceeds against the United States as would any other action under the FTCA. 28 U.S.C. § 2679(b)(4).

Normally, for the purpose of removal of state court actions, the "scope of employment" certification is conclusive if made by the United States attorney pursuant to authority delegated by the Attorney General. 28 U.S.C. § 2679(d)(2); *Arbour v. Jenkins*, 903 F.2d 416, 421 n. 3 (6th Cir. 1990). The certification is not, however, immune from judicial review for the purpose of determining whether the case should continue to proceed under the FTCA's provisions with the United States substituted for the individual federal employee. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995) (plurality opinion); *Osborn v. Haley*, 422 F.3d 359, 364 (6th Cir. 2005); *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002). Thus, where a plaintiff objects to the substitution of the United States for the individual employee against whom the action initially was brought, the court is required to examine the applicable state law to determine if the individual employee's alleged wrongful actions actually were committed in the "scope of employment" under that state's law. *See Singleton*, 277 F.3d at 870 (*citing RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1143 (6th Cir. 1996)).

In his response to Defendant's motion to dismiss, counsel for Plaintiff unequivocally states that "[a]ll three Defendants were on inactive duty status and not in the line of duty and thus were not within the course and scope of employment at the time of the incident complained of in the Complaint." (Resp., Dkt. 15 at 2.)  It is therefore clear that Plaintiff objects to Defendant's certification in this case.  However, Defendant points to the following statement appearing in Plaintiff's Answer to Order to Show Cause in case No. 05-72746: ". . . I filed the Complaint in Federal District Court because it was likely that the United States Government would be defending the three Defendants, <u>as each were employed by the United States Government at the time of the incident</u>." (Pl.'s Answer, Dkt 5, Case No. 05-72746 at 1.)  That same pleading goes on to state: "Please note that the Civil Cover Sheet does NOT state jurisdiction is based upon a Federal Question.  The Civil Cover Sheet states that jurisdiction is based upon the United States Government as a Defendant." (*Id.*, emphasis in original.)  On the basis of these statements, Defendant argues that Plaintiff should be estopped from asserting anything to the contrary in the instant case.

> Defendant is effectively requesting the application of the doctrine of judicial estoppel.
>
> The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' . . . [It] should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'

*Eubanks v. CBSK Fin. Group, Inc*., 385 F.3d 894, 897 (6th Cir. 2004) (*quoting Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir.1990)). In determining whether judicial estoppel should apply, the court should consider reasons of mistake and inadvertence, as well as an absence of bad faith.  *Id*. at 895.  Once a defendant demonstrates that a finding of judicial estoppel is

7

supported by the record, the plaintiff must come forward and show why the doctrine should not apply under the facts of the case. *Pate v. United Parcel Service, Inc*., No. 3:05-CV-531, 2006 WL 1129383, *2 (E.D. Tenn. April 27, 2006). The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) (citation omitted). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted); *see also Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 472 (6th Cir. 1988).

The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be 'clearly inconsistent' with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51 (internal quotations and citations omitted). In *Browning*, the court focused on the first two factors identified in *New Hampshire* and described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning*, 283 F.3d at 775 (internal quotation omitted).

Applying these standards to the instant facts, I first suggest that the assertions made by Plaintiff before Judge Edmunds relating to the capacity of the individual employees is clearly

8

contrary to those made in this case. The first *New Hampshire* factor is therefore met in this case. However, I suggest that the remaining factors have not been met, as Judge Edmunds' dismissal without prejudice of the prior suit does not indicate that Plaintiff's assertion that each individual "was employed by the United States Government at the time of the incident" was adopted by the court. I therefore suggest at the threshold that the Defendant's invitation to apply the doctrine of judicial estoppel be declined.

Turning then to the substance of these motions, I suggest that *Osborn v. Haley,* 422 F. 3d 359 (6th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3308 (Nov 07, 2005) (No. 05-593)[1] is procedurally on all fours, and in many respects dispositive.

As in this case, Plaintiff Osborn, an employee of a contractor providing services to the U.S. Forest Service, sued Haley, a Forest Service employee, in state court alleging that after a "run-in" with Haley, Haley improperly influenced Osborn's employer to fire her. As in this case, the United States, removed the case to federal court, and, seeking to immunize Haley from individual liability, invoked 28 U.S.C. § 2679, filed a notice substituting itself for Haley, and certified that Haley was acting within the scope of his federal employment. As did Plaintiff in this case, Osborn contested substitution, arguing that Haley's actions were "extraneous to the proper scope of his duties[,]" *Osborn*, 423 F. 3d at 361, and filed additional supporting materials.

The district court stated that the "scope of employment" dispute went to the heart of the merits and concluded that it did not have the authority to determine this issue. The district court instead accepted as true Plaintiff Osborn's allegations, determined the "scope of employment" issue against Haley, denied the proffered substitution, and remanded the case to the state court.

---

[1]*Osborn* is the only circuit precedent on the issues raised by the instant motions. Moreover, it follows the majority of the circuits which have considered these issues. Therefore, I suggest that even though a petition for *certiorari* has been filed, this Court should nevertheless consider *Osborn* binding precedent.

9

On appeal, the Sixth Circuit resolved this dispute by focusing on two issues, both of first impression in this circuit:

> first, whether district courts evaluating a scope certification can resolve material disputes about the facts "upon which the plaintiff would predicate liability," or whether instead courts must accept the plaintiff's allegations of such "merits facts," *Melo v. Hafer*, 13 F.3d 736, 742-43 (3d Cir.1994); and second, whether a federal court possesses the authority to remand if it ultimately finds substitution of the United States inappropriate.

*Osborn*, 422 F. 3d at 361-362.

On the first issue, the court stated:

> We join the majority of the circuits addressing the issue in holding that where the Attorney General's certification "is based on a different understanding of the fact than is reflected in the complaint," *Melo*, 13 F.3d at 747, including a denial of the harm-causing incident, the district court must resolve the factual dispute. . . . We thus conclude that the district court erred in relying on the First Circuit's decision in *Wood* and in denying substitution without first determining the scope-of-employment issue.

*Id*. at 365.

Turning to the district court's authority to remand, the court of appeals concluded: "We agree with the majority view that the clear language of the Act forecloses remand. We thus also agree with Defendants that the district court lacked authority to remand the action." *Id*.

The court of appeals therefore vacated the district court orders and directed remand, with instructions that "the district court shall resolve the factual disputes underlying the scope question, including whether the alleged incident occurred. Even if the district court finds that Haley acted outside the scope of his employment, it must nonetheless retain jurisdiction over this case." *Id*.

Applying the holdings of *Osborn* in reverse order, I first suggest that, as argued by Defendant, this Court lacks the authority to remand this dispute to the state courts. I further suggest that, as argued by Plaintiff, this Court cannot defer consideration of the "scope of

employment issue." Turning next to that issue, I note that, as in *Osborn*, both parties have submitted supplemental exhibits said to reinforce their respective positions. In its response to Plaintiff's motion, Defendant has filed a Department of Defense directive, as well as the affidavits of Col. Soldano and each of the individuals originally sued by Plaintiff in state court. There is also a lengthy recitation of Defendant's version of the underlying facts appearing in its brief supporting Defendant's response to Plaintiff's motion. (Dkt. 16.) Plaintiff counters with its recitation of facts contained in its answer to Defendant's motion to dismiss (Dkt. 15), as well as additional factual recitation in its reply to Defendant's response. (Dkt. 17.) In addition, attached to that same pleading is Plaintiff's affidavit.

After review of these documents, in light of the holdings of *Osborn*, I suggest that while this issue cannot be deferred to another court, it is premature at this time for this Court to decide the "scope of employment" issue. *Osborn*, as well as the pleadings in this case, make abundantly clear that this issue is a pivotal one in this case, potentially determinative of its ultimate practical outcome. As a result, I suggest that such an issue should not be decided in the context of a "battle of affidavits," but rather after the parties are allowed a limited period of discovery on the issue. I therefore suggest that the Court grant in part and deny in part the relief requested in Plaintiff's motion, deny without prejudice as premature Defendant's motion to dismiss, and direct that the case proceed to discovery on the issue of scope of employment.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                            s/ *Charles E Binder*
                                                            CHARLES E. BINDER
Dated: May 15, 2006                                 United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Geneva S. Halliday and Phillip Strehle, and served in the traditional manner on Honorable David M. Lawson.

Dated:  May 15, 2006                                    By       s/Mary E. Dobbick
                                                                Secretary to Magistrate Judge Binder