UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RECTOR,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No. 05-10324

Honorable Nancy G. Edmunds

**ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23]; DENYING PLAINTIFF'S MOTION TO STRIKE NOTICE OF REMOVAL, NOTICE OF SUBSTITUTION, AND FOR COSTS AND SANCTIONS[6]; AND GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

This matter comes before the Court on the Magistrate Judge's May 15, 2006 Report and Recommendation [23]. Being fully advised in the premises, having read the pleadings and the parties' objections, and for the reasons set forth below, the Court ACCEPTS the Magistrate's Report and Recommendation as to its recommended denial of Plaintiff's motion to strike Defendant's notice of removal, it REJECTS the remaining recommendations in the Magistrate's Report and Recommendation, DENIES Plaintiff's motion seeking, among other things, to strike the notice of substitution [6], and GRANTS Defendant's motion to dismiss [3].

The Report and Recommendation is rejected in large part because it does not apply the analysis set forth by the Sixth Circuit in *Singleton v. United States*, 277 F.3d 864, 871 (6th Cir. 2002).

**I.     Facts**

Plaintiff Jeffrey Rector filed suit in state court against three individuals, SSG Fries, SGT Kramer, and SFC (Ret) Brewer. Plaintiff's complaint asserts claims of defamation and invasion of privacy, alleging that he was injured by false and defamatory statements that Fries, Kramer and Brewer made to Colonel Soldano about him, and seeks exemplary damages. (Compl. at ¶ 19; First Am. Compl. at ¶ 18.)

A designee of the Attorney General certified that each of the individual Defendants was acting within the scope of his or her federal employment at the time of the challenged conduct. (Notice of Removal, Ex. B.) Based on those certifications, the matter was removed to this Court. Defendants then filed a notice of substitution, substituting the United States of America for the individual Defendants. Once substituted, the United States then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

Plaintiff's motion to strike challenges Defendant's removal, substitution, and motion to dismiss, arguing principally that the individual Defendants were not acting within the scope of his or her federal employment at the time of their challenged conduct.

The Court referred both parties' motions to the Magistrate Judge who issued a Report and Recommendation. The Court first examines the Magistrate's recommendation that the Court deny Plaintiff's request to strike the notice of removal.

**III.  Analysis**

    **A. Removal**

The government removed this case pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. § 2679(d)(2). The Magistrate Judge correctly concluded that, despite Plaintiff's arguments to the contrary, removal was proper and this matter should not be remanded to state court.  (R&R at 5-6, 10.)

As the Sixth Circuit observed, "[u]nder the Westfall Act, the 'certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.'"  *Singleton*, 277 F.3d at 870 (quoting 28 U.S.C. § 2679(d)(2)).

    **B. Substitution**

Plaintiff also challenges the government's substitution of itself as Defendant in place of the three named individual Defendants.  This is an act that Plaintiff is allowed to challenge.  *See Singleton*, 277 F.3d at 870 n.5 (observing that, although "a plaintiff suing a federal employee may not challenge the government's removal of the case to federal court, the plaintiff may challenge the government's substitution of itself as defendant."). "The Supreme Court has held . . . that the Attorney General's scope-of-employment certification is subject to judicial review for purposes of substitution."  *Id.* at 870 (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)).

The Magistrate properly recognized Plaintiff's ability to challenge substitution but applied the wrong standard of review and reached the wrong result by recommending that discovery be allowed on the scope of employment issue.  (R&R 6-11.)  The proper standard of review is set out in *Singleton*.  There, the Sixth Circuit reiterated that "'[w]hether an

3

employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred.'" *Singleton*, 277 F.3d at 870 (quoting *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996)). Moreover, "[t]he Attorney General's certification provides *prima facie* evidence that the employee was acting within the scope of employment.'" *Singleton*, 277 F.3d at 870-71 (quoting *RMI*, 78 F.3d at 1143).[1]

To successfully challenge that *prima facie* evidence, Plaintiff "must produce evidence that demonstrates that the employee was not acting in the scope of employment." *Id.* at 871. Plaintiff has not produced any such evidence here.

Plaintiff proffers his affidavit that sets forth only legal conclusions that the individual Defendants' challenged conduct fell outside the scope of their federal employment. (Rector Aff. ¶¶ 13, 16, and 17.) Plaintiff has not provided evidence from which a court "could reasonably find that the individual Defendants were acting outside the scope of their employment at the time of the alleged tortious conduct." *Id.*

Despite the Magistrate's conclusion to the contrary, Plaintiff has not alleged any facts "that, if true, would demonstrate that [an individual Defendant] had been acting outside the scope of his employment." *Id.* Accordingly, discovery on this issue would be inappropriate. It "would undermine the intent of the Westfall Act to protect federal employees from responding to state law tort claim" if discovery were permitted "when the Attorney General's

---

[1]The Magistrate's reliance on *Osborn v. Haley*, 422 F.3d 359 (6th Cir. 2005), is misplaced. Unlike the certification in *Osborn*, the certifications at issue here do not deny that any of the alleged wrongdoing occurred. Rather, the certifications assume that all such acts occurred and certifies that the individual Defendants were acting within the scope of their employment as an employee of the United States at such time.

certification is not based on a different understanding of the facts" alleged in Plaintiff's complaint. *Id.* (internal quotation and citation omitted). Rather, as set out in Defendant's objections, Plaintiff's challenge presents a question of law for the Court.

Under the Westfall Act, 28 U.S.C. § 2679, "the United States may be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his or her employment." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1142 (6th Cir. 1996). Plaintiff's complaint alleges that individual Defendants Kramer, Brewer and Fries committed the common law torts of defamation and invasion of privacy. In the motions now before the Court, Plaintiff challenges whether these Defendants were federal employees when the alleged torts were committed and whether they committed the alleged torts while acting within the scope of their federal employment. This Court determines, as a matter of law, that they were.

### 1. Federal Employees

It is undisputed that Plaintiff was the coordinator of the Military Funeral Honors Program during the relevant time period, and Brewer and Kramer participated in that Program while he was the coordinator. (Compl. ¶¶ 9, 13; Am. Compl. ¶¶ 8, 12.) SSG. Kramer is a traditional M-day Michigan National Guard Soldier who received retirement points and pay for her participation in the Military FHP. (Kramer Aff. ¶ 1.) SFC (Ret) Brewer is a service member on retired status who worked as a volunteer for the Military FHP as an "authorized provider," pursuant to the Authorized Partnership Provider Program, codified at 37 U.S.C.A. § 435(a)(2) (West 2006 Supp.) He received reimbursements, pursuant to 10 U.S.C. §§ 1588(a)(4), (e), for incidental expenses incurred while

participating in the Military FHP.  (Brewer Aff. ¶ 1.)  Individuals providing such services "shall be considered an employee of the Federal Government" for purposes of claims for damages or loss.  10 U.S.C.A. § 1588(d)(1)(B) (West 2006 Supp.).  Fries, on the other hand, was not affiliated with the Department of Defense (DoD) FHP.  Rather, at all relevant times, he was employed by the Michigan Army National Guard as an Active Guard Reservist, pursuant to 32 U.S.C. § 502(f), and stationed in Alma, Michigan. (Fries Aff. ¶ 1.)

The Funeral Honors Program was implemented by the Department of Defense and is a recognized federal duty status.  *See* 32 U.S.C. §§ 114-115.[2]  The Michigan National Guard supports the Program by providing federal pay, expenses, and federal service credit (retirement points) to military personnel who provide funeral honors for deceased veterans.  *Id.* (Soldano Aff. ¶ 2.)  This is in accordance with directives published by the Department of Defense ("DoD Directive").  (Def.'s Ex. C, Dept. of Defense Dir. 1300.15, dated January 11, 2001, entitled "Military Funeral Support.")  That DoD Directive states that "[t]he provision of Military Funeral Honors is designated a total force mission.  Active Duty personnel, Reserve/National Guard component members, and military retirees qualified by active or Reserve component honor guard personnel may perform this mission." (*Id.* at ¶ 4.3.)  The DoD further provides that "[p]ay, allowances, travel and transportation expense reimbursements, when appropriate, shall be paid from funds appropriated to the Department of Defense . . . ." (*Id.* at ¶ 4.8.2.)

---

[2]The Federal Tort Claims Act, 28 U.S.C. § 2671, expressly includes members of the National Guard "while engaging in training or duty" under 32 U.S.C. §§ 115, 316, 502, 503, 504, or 505.  It further provides that the phrase "acting within the scope of his office or employment" for purposes of government liability under the Federal Tort Claims Act "means acting in line of duty."  28 U.S.C.A. § 2671 (West 2006 Supp.)

In light of the above, this Court determines that, at all relevant times, the individual Defendants were federal employees.

### B. Acting Within the Scope of Their Federal Employment

"Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI*, 78 F.3d at 1143. The alleged defamation and invasion of privacy occurred in Michigan. Thus, the Court looks to Michigan law. "[U]nder Michigan law, an employee is acting within the scope of his employment if he is engaged in the service of his master." *Arbour v. Jenkins*, 903 F.2d 416, 422 (6th Cir. 1990). This is true "even if the actions constitute intentional torts." *Id.* "The determinative question is whether the employee's actions are within his authority." *Id.* Michigan courts have observed that "course of employment" includes acts "undertaken in furtherance of the employer's purpose." *Backus v. Kauffman*, 605 N.W.2d 690, 693-94 (Mich. Ct. App. 1999).

Plaintiff complains that Brewer, Kramer, and Fries made false and defamatory statements about his conduct as coordinator of the Military Funeral Honors Program. (Compl. ¶¶ 27, 28, 29-33; Am. Compl. ¶¶ 26, 27, 28-32.) These statements were provided to Colonel Soldano, a higher ranking National Guard officer. (Soldano Aff. ¶ 5; Kramer Aff. ¶¶ 3-4; Brewer Aff. ¶¶ 2, 4; Fries Aff. 4-5.) As the Deputy Chief of Staff for the Michigan National Guard, Colonel Soldano is responsible for ensuring that Michigan's Funeral Honors Program satisfies the Department of Defense requirements, and all military personnel participating in the Funeral Honors Program ultimately report to him. (Soldano Aff. ¶ 3.) All statements made to Colonel Soldano concerning Plaintiff's conduct as coordinator of the Military Funeral Honors Program were made in furtherance of Colonel

Soldano's purpose of ensuring that Program satisfied the Department of Defense requirements. Accordingly, this Court concludes that individual Defendants Kramer, Brewer and Fries were acting within the course of their federal employment at the time of their challenged conduct. Thus, the United States was properly substituted for individual Defendants Kramer, Brewer and Fries under the Westfall Act.

### C. Motion to Dismiss

The Court now determines whether it has subject matter jurisdiction to hear Plaintiff's claims against the United States. "Pursuant to 28 U.S.C. § 1346(b)(1), the federal district courts have exclusive jurisdiction over civil actions involving claims against the United States subject to the provisions of the" Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. *Singleton*, 277 F.3d at 872. "The FTCA waives the sovereign immunity of the United States with respect to tort claims, providing that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (quoting 28 U.S.C. § 2674). The *Singleton* Court observed, however, that "the FTCA excepts certain torts from this waiver of sovereign immunity, including libel and slander" and held that this exclusion applies to defamation claims. *Id.* (citing 28 U.S.C. § 2675(a)). The same result applies here. This Court does not have jurisdiction over Plaintiff's defamation claim.

Moreover, because Plaintiff alleges an invasion of privacy claim, namely false light privacy arising out of the communication of allegedly defamatory statements, the Court lacks jurisdiction over this claim as well. *See Johnson v. Sawyer*, 47 F.3d 716, 732 n.34 (5th Cir. 1995) (affirming the district court's observation that "'false light' invasion of privacy essentially amounts to libel, slander, or misrepresentation"); *Metz v. United States*, 788

8

F.2d 1528, 1535 (11th Cir. 1986) (observing that "the government officials' allegedly slanderous statements are essential to Mr. Metz's action for false light privacy . . . . There is no other governmental action upon which these claims could rest.  These claims, therefore, "arise out of" slander for the purposes of § 2680(h) and are not actionable under the FTCA."); *Hobdy v. United States*, 762 F. Supp. 1459, 1462 (D. Kan. 1991) (observing that "to the extent that plaintiff . . . [has stated] an invasion of privacy claim, namely false light privacy arising out of the communication of allegedly defamatory statements to Hobdy's employer, the court finds that plaintiff's claim is specifically barred by . . . .[the slander] exception found at 28 U.S.C. § 2680(h)"), *aff'd*, No. 91-3204, 1992 WL 149871 (10th Cir. June 26, 1992).

Even if Plaintiff's invasion of privacy claim were found not to be barred by § 2680(h)'s slander exception, the Court would not have subject matter jurisdiction over that claim.  Section 2675(a) of the FTCA also provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).  Because Plaintiff did not satisfy this statutory requirement, this Court does not have subject matter jurisdiction over his invasion of privacy claim.  *See Singleton*, 277 F.3d at 827-73 (reaching the same conclusion with respect to the plaintiff's claim for intentional infliction of emotional distress).

**IV.   Conclusion**

9

For the above-stated reasons, the Magistrate Judge's Report and Recommendation [23] is ACCEPTED IN PART AND REJECTED IN PART. Plaintiff's motion to strike notice of removal, notice of substitution, and for costs and sanctions [6] is DENIED. Defendant's motion to dismiss for lack of subject matter jurisdiction [3] is GRANTED, and the case is DISMISSED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: September 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2006, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager